FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 23, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMAICA P., <br><br> Plaintiff, <br><br> v. <br><br> FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 1:25-CV-03074-ACE <br><br> ORDER GRANTING DEFENDANT'S MOTION <br><br> ECF Nos. 10, 12 |

**BEFORE THE COURT** is Plaintiff's Opening Brief and Defendant's Brief in response. ECF No. 10, 12. Attorney Amy Gilbrough represents Plaintiff; Special Assistant United States Attorney Sarah Elizabeth Moum represents Defendant. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion and **DENIES** Plaintiff's Motion.

## JURISDICTION

Plaintiff filed an application for Supplemental Security Income on December 22, 2021, alleging onset of disability on December 13, 2017. Tr. 183. The application was denied initially and upon reconsideration. Administrative Law Judge (ALJ) Susan G. Smith held a hearing on March 13, 2024, Tr. 35-67, and issued an unfavorable decision on May 6, 2024, Tr. 17-30. The Appeals Council denied Plaintiff's request for review on April 8, 2025, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes of judicial review, which

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on May 22, 2025. ECF No. 1.

## STANDARD OF REVIEW

The ALJ is tasked with "determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through

four, the claimant bears the burden of establishing a prima facie case of disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) that Plaintiff can perform other substantial gainful activity and (2) that a significant number of jobs exist in the national economy which Plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1497-1498 (9th Cir. 1984); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

**ADMINISTRATIVE FINDINGS**

On May 6, 2024, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 17-30.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the application date, December 22, 2021. Tr. 19.

At step two, the ALJ determined Plaintiff had the following severe impairments: fibromyalgia, obesity, a mood disorder, and a post-traumatic stress disorder. Tr. 19.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 20.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found Plaintiff could perform light work, with the following limitations:

> [Plaintiff] can frequently balance and occasionally climb ramps or stairs, stoop, kneel, crouch, and crawl; never climb ladders, ropes, or scaffolds; can do simple, routine, and repetitive tasks in a low stress environment defined as no strict hourly quotas or assembly line type work; can occasionally interact with co-workers and supervisors; can

    do no team or tandem work; can occasionally interact with the public, and such contact should be superficial in nature, for example, no customer-facing type work.

Tr. 22.

    At step four, the ALJ found Plaintiff has no past relevant work. Tr. 28.

    At step five, the ALJ found that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that existed in significant numbers in the national economy, including the jobs of marking clerk, routing clerk, and mail clerk. Tr. 28-29.

    The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the date the application was filed, December 22, 2021, through the date of the decision, May 6, 2024. Tr. 29-30.

## ISSUES

    The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

    Plaintiff asserts the ALJ erred because the RFC assessment conflicts with the opinions of the state agency medical consultants and the ALJ gave no reason for rejecting those medical consultant opinions. ECF No. 10 at 6-7.

## DISCUSSION

    Plaintiff contends the ALJ erred because the ALJ did not limit Plaintiff to superficial and occasional interaction with supervisors, coworkers and the public. ECF No. 10 at 6-13. Defendant argues the ALJ reasonably translated the opinions into the RFC determination. ECF No. 12 at 2-6.

    The ALJ concluded the findings of the medical consultants at issue were "somewhat persuasive," and did not identify any dispute with the social limitations that were assessed. Tr. 27-28; *see Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir.

2014) (the Court reviews whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence, not whether ALJ provide sufficient reasons for according weight to a medical professional).

On March 23, 2022, medical consultant Michael Brown opined that Plaintiff was able to understand, recall and execute both simple and detailed tasks for two-hour increments of time with regular breaks during a normal eight-hour workday. Tr. 72.  He indicated that although ongoing symptoms reduced Plaintiff's sustained concentration and efficiency, they were not to the degree that would prevent her ability to persist for the completion of work tasks within a 40-hour workweek within the tolerances of competitive employment.  Tr. 72.  He stated that Plaintiff retained the capacity to interact with coworkers, supervisors and the public "on an occasional/superficial basis."  Tr. 72.

On August 23, 2022, medical consultant Renee Eisenhauer also opined that Plaintiff was able to understand and recall and perform both simple and detailed tasks for two-hour increments of time with regular breaks during a normal eight-hour workday and that Plaintiff should be able to persist at work activities.  Tr. 81. It was determined that Plaintiff was able to interact with coworkers, supervisors and the public "on an [sic]superficial **or** occasional basis."  Tr. 81 (emphasis added).

The ALJ did not limit Plaintiff to superficial and occasional interaction with supervisors, coworkers and the public.  Instead, consistent with the foregoing medical consultants' opinions, the ALJ limited Plaintiff to occasional interaction with co-workers, supervisors and the public, limited Plaintiff to no work involving team or tandem work, and limited Plaintiff to only superficial interaction with the public. Tr. 22; *see e.g. James S. v. O'Malley*, 2024 WL 835308 at *11 (D. Mont. Feb. 28, 2024) (finding the ALJ reasonably translated "brief and superficial contact with others to mean "'occasional interaction with supervisors, coworkers and the public,' not working 'in tandem with supervisors or coworkers,' and not working

'directly with the public.'"); *Anna R. v. Comm'r of Soc. Sec.*, 2022 WL 251969 at *4 (W.D. Wash. 2022) (finding the prohibition on close coordination or teamwork with co-workers and only allowing "casual" public interaction was "essentially equivalent" to an "occasional/superficial" limitation).

      Contrary to Plaintiff's assertions, the state agency medical consultants did not limit Plaintiff to superficial and occasional interaction with supervisors, coworkers and the public. The medical consultants determined Plaintiff retained the capacity to interact on a "superficial **or** occasional basis." Tr. 81 (emphasis added); Tr. 72 ("occasional/superficial basis"). As argued by Defendant, while the medical consultants found Plaintiff had moderate limitations in several areas of social interaction, those limitations were accommodated by limiting either the amount of the contact (occasional) or the depth or quality of the contact (superficial). Because the findings were phrased in the alternative, the ALJ needed only adopt one of those alternatives to accommodate the findings. The ALJ did so by limiting Plaintiff to occasional interaction with supervisors, co-workers, and the public. The ALJ's finding in this regard is without error. The ALJ reasonably accommodated the state agency medical consultant's findings in the RFC determination.

      Plaintiff argues the ALJ also erred by failing to address the vocational expert's testimony that Plaintiff would require more than superficial contact during the training period. ECF No. 10 at 12. The undersigned is not persuaded by Plaintiff's interpretation of the vocational expert's testimony. *See* Tr. 61-62. The vocational expert specifically identified the occupations upon which the ALJ relied at step five when provided a hypothetical including limitations to occasional contact, no team or tandem work, and only superficial public contact. Tr. 59-60. The ALJ properly relied upon the vocational expert's testimony to find that Plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error. Plaintiff is not entitled to a remand in this case. Accordingly, **IT IS HEREBY ORDERED:**

    1.    Defendant's motion to affirm, **ECF No. 12**, is **GRANTED**.

    2.    Plaintiff's motion to reverse, **ECF No. 10**, is **DENIED**.

**IT IS SO ORDERED**. The District Court Executive shall file this Order and provide copies to counsel. **Judgment shall be entered for Defendant and the file shall be CLOSED**.

DATED October 23, 2025.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE